```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


THE METHODIST HOSPITALS, INC.,  )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:09 cv 142
                                )
WOODRUM/AMBULATORY SYSTEMS      )
DEVELOPMENT, LLC,               )
                                )
          Defendant             )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Transfer Venue Under 28 U.S.C. §1406(a) [DE 7] filed by the defendant, Woodrum/Ambulatory Systems Development, LLC, on May 15, 2009. For the reasons discussed below, the motion is **DENIED**.

## Background

This cause of action arises from a management agreement which contains an arbitration provision entered into between the defendant, Woodrum/Ambulatory Systems Development, and Merrillville Surgery Center LLC to manage an ambulatory surgical center. After entering into the agreement, the plaintiff, Methodist Hospitals, Inc., purchased all the membership units of MSC and then terminated the agreement with Woodrum. Woodrum initiated arbitration on February 11, 2009, in Chicago, Illinois, alleging that Methodist improperly terminated the agreement. Woodrum alleges that Methodist is a party to the management agreement and is subject to its arbitration provision.

Methodist, an Indiana nonprofit corporation, filed suit for

declaratory judgment against Woodrum in Indiana state court on May 7, 2009, asking that the court declare that Methodist is not a party to the management agreement and cannot be held to the arbitration provision. Woodrum removed this case to the Northern District of Indiana on May 15, 2009, on the basis of diversity jurisdiction. On this same date, Methodist filed a Verified Emergency Motion for Entry of an Order of Stay and Temporary Restraining Order, seeking a stay of the arbitration proceeding and an order restraining Woodrum from pursuing the same pending further order of the court. The district court granted a stay of the arbitration hearing and enjoined Woodrum from further pursuing arbitration against Methodist until the pending litigation is concluded. Woodrum subsequently filed this motion to transfer venue from the Northern District of Indiana to the Northern District of Illinois, also on May 15, 2009, under 28 U.S.C. §1406(a), stating that the Northern District of Indiana is an improper venue to hear this matter.

## Discussion

Venue is proper in any judicial district in which a corporation is "incorporated or licensed to do business or is doing business." 28 U.S.C. §1391(c). However, in a removed action, §1391 does not apply. Rather, the removal statute governs, which provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C §1441(a). *See also **Polizzi v. Cowles Magazines, Inc.**, 345 U.S.

663, 665, 73 S.Ct. 900, 902, 97 L.Ed. 1331 (1953)(holding that the removed case was governed by the removal statute, not the general venue statute).

A removed action may be transferred to another federal district court only if the transfer of venue is based upon 28 U.S.C. §1404(a). 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §3726 (3d ed. 1998). A transfer of venue based upon 28 U.S.C. §1406(a) is applicable only in actions in which there is improper venue in the transferor court. ***Travel Supreme, Inc. v. NVER Enterprises, Inc.***, 2007 WL 2962641 *7 (N.D. Ind. Oct. 5, 2007). *See also* Wright & Miller at §3726 (stating same). Section 1406(a) cannot apply in a removed action since venue in the transferor court would be proper under the removal statute. *See **Travel Supreme***, 2007 WL 2962641 at *7 (stating that §1406(a) is predicated on the case laying in the wrong venue, while §1441(a) establishes that the court to which a case is removed is the proper venue).

Here, Woodrum is relying on §1406(a) for a transfer of venue and Woodrum argues that the Northern District of Indiana is an improper venue under the Federal Arbitration Act because the arbitration proceeding is pending in Chicago, Illinois, and that according to the Act, the Northern District of Illinois would be the place of proper venue as the district mandated by the agreement. However, Woodrum's reasoning is circular because Woodrum is holding Methodist to an arbitration provision for the determination of venue when it is yet to be decided if Methodist is a

3

party to the management agreement. At this time, the court cannot determine if the Federal Arbitration Act is applicable because the court has not determined whether Methodist is a party to the management agreement.

Furthermore, because this case is a removed action, this court may transfer venue only according to §1404(a) for the convenience of the parties and witnesses and in the interests of justice. *See* ***Travel Supreme***, 2007 WL 2962641 at *8 (stating that, although §1406(a) cannot be used to transfer the case, the court is not prohibited from transferring the case under §1404(a)). *See also* ***Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.***, 200 F.Supp.2d 941, 946-948 (N.D. Ill. 2002)(holding that the removed action could not be transferred or dismissed pursuant to §1406(a), but was transferred to a more convenient venue pursuant to §1404(a)). Accordingly, this motion for transfer of venue, based on §1406, cannot be granted because this case has been removed by Woodrum from Indiana state court to the Northern District of Indiana.

_____

For the aforementioned reasons, the Motion to Transfer Venue Under 28 U.S.C. §1406(a) [DE 7] filed by the defendant, Woodrum/Ambulatory Systems Development, LLC, on May 15, 2009, is **DENIED**.

ENTERED this 28th day of September, 2009

                                         s/ ANDREW P. RODOVICH
                                            United State Magistrate Judge